UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

BENNIE GIBSON,

                Petitioner,

      -against-                                **MEMORANDUM AND ORDER**
                                                                     06-CV-3076 (SJ)

COMMISSIONER OF MENTAL HEALTH;
Administrative Director HOLLANCHEC ESQ
& MR. RICHARD BENNETT, Mid Hudson
Pyschiatric [sic], A GROUP OF DOCTORS,
STAFF ASSISTANTS, SOCIAL WOKERS,
known an[d] unknown providing documents and
interviews on petitioner, clinical pyschs [sic];
HONORABLE JUDGE GOODMAN; SENIOR
DISTRICT ATT. ROBERT MORGANTHEAU
[sic]; ADA BASSUIER; MS. ALLENDE;
MS. MARY ANDERSON, Administrators,
Directors; ATT. JOHN GROSS, Esq.,
Legal Aid Society,

                Respondents.

----------------------------------------------------------x

JOHNSON, Senior United States District Judge.

      Petitioner Bennie Gibson filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 9, 2006 in the United States District Court for the Southern District of New York ("Southern District"). By Order dated May 24, 2006, Chief Judge Michael B. Mukasey transferred the petition to this Court.[1] For the reasons discussed below, the petition is dismissed.

---

[1] The Court notes that petitioner has an extensive litigation history in this Court and on April 30, 2002, was barred from filing any future *in forma pauperis* complaints, unless he demonstrates imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g). See Gibson v. Vega et al., 01-CV-8379 (SJ). See also Gibson v. C.O. Vega, 03-MC-99 (LB) (Order signed by the Court on June 21, 2003, denying plaintiff's requests for relief and stating that the Court's Order barring plaintiff from filing future *in forma pauperis* complaints under 28 U.S.C. § 1915(g) remains in effect; Gibson v. Sterling Johnson, Jr., 02-CV-1465 (SJ) (Memorandum and

## BACKGROUND

At the time the instant petition was filed in the Southern District, petitioner appears to have been confined in the Creedmoor Psychiatric Center ("Creedmoor"), located in Queens County and the Southern District interpreted the petition as a challenge to petitioner's confinement in Creedmoor. However, a review of the petition reveals that the petition actually concerns petitioner's allegations of denial of access to the courts, as well as the decisions regarding his custody and mental fitness to stand trial relating to his 2001 New York County Supreme Court criminal action, which was dismissed on November 10, 2005. See People v. Gibson, Indict. No. 6326/2001 (N.Y. Sup. Ct. Nov. 10, 2005).[2] Petitioner states

> [b]asically, the petitioner claims that state agencies personnell [sic] denied petitioner access to the courts, to argue crucial issues such as, whether committment [sic] orders were signed by Judge, b, whether Mental Health pyschs [sic] and social workers wrote crucial misrepresentations about Gibsons case in their legal memorandums & Jury Trial right on sanity issues. Pursuant to Mental Hygiene Law Gibson was entitled to a Writ of Habeas Corpus on these issues and was denied.

---

Order dated March 25, 2002, dismissing the petition as frivolous and malicious pursuant to 28 U.S.C. § 1915A, as well as an improper petition pursuant to Rule 2(e) of the Rules Governing Section 2254 cases); Gibson v. County of New York, 02-MC-140 (SJ) (Order dated May 30, 2002, denying plaintiff permission to file complaint because submissions reiterates arguments previously raised and dismissed in plaintiff's prior actions); Gibson v. Wise et al., 02-CV-8382 (SJ) (Order dated April 30, 2002 dismissing complaint and reiterating that plaintiff is barred from filing any future *in forma pauperis* complaints, unless he demonstrates imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) ); Gibson v. Staff Attorney of the Legal Aid et al., 01-CV-1332 (SJ) (Order dated May 11, 2001 dismissing the complaint); Gibson v. John Does et al., 99-CV-7839 (SJ) (Order dated January 24, 2000 dismissing the complaint); Gibson v. Pepe, 98-CV-2751 (SJ) (Memorandum and Order dated June 6, 2001 dismissing petitioner's §2254 petition for failure to exhaust his state court remedies); Green v. Queens Auto Crime Task Force et al., 97-CV-3561 (SJ) (Order dated June 29, 2000 dismissing the complaint).

[2] On February 18, 2004, petitioner filed another §2241 action in the Southern District raising similar claims. That action was dismissed on June 30, 2006. See Gibson v. Judge Goodman et al., 04 Civ. 1303 (WHP).

Pet. at 13. Petitioner further complains of being denied access to the Orange County Supreme Court. See Petition at 13. Petitioner does not mention or name Creedmoor in any portion of his petition. In fact, petitioner states on the last page of his petition that he placed the petition "in for production in the internal mail system located at Mid Hudson Pysch [sic] on the 1st th [sic] of December 2005." Pet. at 15.[3] Thus, it is evident that petitioner is complaining of events that occurred before he arrived at Creedmoor. Moreover, all of the named respondents are located in New York County, including respondents at the Mid Hudson Psychiatric Center, the New York County District Attorney's Office, the New York County Legal Aid Society, and the New York County Supreme Court Judge who presided over petitioner's 2001 New York County Supreme Court action.[4] As such, there is no basis for jurisdiction in this Court as petitioner's custodian is not located in the Eastern District of New York and petitioner's underlying claims are not related to events that occurred in this district. In any event, as discussed in petitioner's similar Southern District § 2241 case, there is no merit to petitioner's application.[5]

---

[3] The Southern District's May 24, 2006 transfer order states that petitioner was not admitted to Creedmoor until January 12, 2006.

[4] In addition, the Court has learned that petitioner is no longer confined in Creedmoor and is likely unaware that the instant petition has been transferred to this Court. A review of the docket sheet in petitioner's Southern District § 2241 case reveals that on July 26, 2006, petitioner wrote to the Court stating that he is currently at: Vernon Bain Correctional, 1 Halleck Street, Bronx, NY 10451. See Gibson v. Judge Goodman, 04 Civ. 1303 (WHP). By letter dated July 29, 2006, petitioner wrote to this Court concerning Gibson v. Weiss et al., 01-CV-8283 (SJ) and referenced the same Bronx address.

[5] As Magistrate Judge Douglas Eaton discussed in his February 24, 2006 Report and Recommendation, if petitioner wishes to challenge his detention in a mental health facility under § 2241, he must first exhaust his state court remedies. See Gibson v. Judge Goodman et al., 04 Civ. 1303 (WHP), February 24, 2006 Report and Recommendation at 6, citing United States ex rel. Scranton v. State of New York, 532 F.2d 292, 294 (2d Cir. 1976).

3

## CONCLUSION

Accordingly, the petition is hereby dismissed. The Clerk of Court is directed to note petitioner's new address of: Vernon Bain Correctional, 1 Halleck Street, Bronx, NY 10451 on the docket. Petitioner is reminded that he is barred from filing any *in forma pauperis* complaints in this Court without first obtaining leave of the Court to do so. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/SJ

STERLING JOHNSON, JR.
Senior United States District Judge

Dated: Brooklyn, New York
Aug 16 2006